IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIEL SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>TRADEHILL, INC.,; JERED KENNA, et al.,<br><br>    Defendants. | No. 3:14-cv-03362-CRB<br><br>**ORDER GRANTING MOTION TO REMAND TO STATE COURT; DISMISSING AS MOOT THE MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, TO DISMISS; GRANTING PETITION FOR ATTORNEYS' FEES; AND VACATING HEARING** |

       The parties having stipulated, and this Court agreeing, that Defendant's notice of removal was improper under 28 U.S.C. § 1441(b)(2) because the Defendant seeking removal is a California resident who was properly served, the Court hereby GRANTS Plaintiff's Motion to Remand this action to California Superior Court for the County of San Francisco for further proceedings under Case No. CGC-14-537293. (Dkt. 9). Defendant Jered Kenna shall provide notice to all parties of this Order and file it with the clerk of the Superior Court within 5 days. With the underlying action remanded to state court, the pending Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss (Dkt. 6) is DISMISSED AS MOOT.

       Plaintiff Uriel Scott also moves for just costs and actual expenses incurred in the improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.

§ 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Id.</u> The objective reasonableness of removal depends on whether applicable law "clearly foreclosed" the arguments in support of removal. <u>See</u> <u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1066–67 (9th Cir. 2008).

No objectively reasonable basis for seeking removal existed here, where it is undisputed that Defendant Jered Kenna is a citizen of the state in which the action was brought and therefore disqualified by 28 U.S.C. § 1441(b)(2) from removing the case. Resp. to Mot. to Remand (Dkt. 24) at 1. Plaintiff's entitlement to fees here "is not a punitive award against defendants; it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." <u>Moore v. Permanente Medical Group, Inc.</u>, 981 F. 2d 443, 447 (9th Cir. 1992). Plaintiff's counsel asserts that as a result of the improper removal, he expended three (3) hours drafting, serving, and filing the instant motion. Yi Decl. ¶ 7. The hearing on this motion currently scheduled for October 10, 2014, being hereby VACATED, the additional one (1) hour Plaintiff's counsel expected to spend appearing at the hearing, <u>id.</u>, will not be necessary. Plaintiff's counsel's hourly billing rate is $295. <u>Id.</u> Both the time expended and billing rate appearing wholly reasonable, this Court GRANTS Plaintiff's petition and ORDERS Defendant Jered Kenna to pay attorneys' fees and costs to Hedani, Choy, Spalding & Salvigione Trust Account in the sum of $885.

**IT IS SO ORDERED.**

Dated: September 26, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE